IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| EILEEN SHAVELSON, | ) | CIVIL NO. 15-00076 SOM/BMK |
|---|---|---|
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT |
| vs. | ) ) | APPLICATION TO PROCEED IN FORMA PAUPERIS |
| KAUAI POLICE DEPARTMENT, et al., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.      INTRODUCTION.**

On March 16, 2015, Plaintiff Eileen Shavelson filed an Application to Proceed in District Court Without Prepaying Fees or Costs (the "IFP Application"). See ECF No. 2. The court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) and determined that it fails to demonstrate that this court has jurisdiction over Shavelson's claims. Accordingly, the court dismisses the Complaint, rendering the IFP Application moot. The court grants Shavelson leave to amend the Complaint.

**II.     STANDARD.**

To proceed in forma pauperis, Shavelson must demonstrate that she is unable to prepay the court fees, and that her Complaint sufficiently pleads claims. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

The court therefore screens a complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on

which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

**III. ANALYSIS.**

This court's screening of Shavelson's Complaint indicates that it must be dismissed. Shavelson's allegations fail to provide a basis for this court to exercise jurisdiction.

The Complaint does not evidence the existence of diversity jurisdiction. Shavelson provided a Hawaii address at the time the Complaint was filed, and, even though she has subsequently provided this court with a Washington State P.O. box, it appears from her filings that she continues to be a citizen of Hawaii, like Defendants. As a result, for this court to have jurisdiction, Shavelson must be asserting at least one claim based on a violation of federal law.

This court cannot discern what, if any, federal law may be implicated by Shavelson's Complaint. It appears that Shavelson may be trying to plead a claim of race or sex discrimination against the Kauai Police Department ("KPD"), but the allegations in the Complaint do not provide enough facts to allow this court to make out a federal discrimination claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

2

Shavelson says that she is a "white non local resident" and that there is "documented extreme prejudice exhibited by the KPD and other judicial bodies, towards white, non local citizens." ECF No. 11, PageID #s 19, 22. In connection with that "documented" prejudice, she refers to a book "written by former detective and Kauai stringer for the Honolulu Advertiser , and from the Non profit Southern Law Poverty Center." Id. at PageID # 22. She refers to the same book in accusing the police of thinking "getting hurt and pushed around is something women should just put up with here in Hawaii, or on this island." Id. at PageID # 20. But identifying oneself as white and female and pointing to a book about prejudice by the KPD in the past does not give this court federal question jurisdiction. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Without more facts going to discrimination, this court cannot conclude that Shavelson is asserting a federal discrimination claim against the KPD.

Thus, for example, if Shavelson is seeking to bring a claim under 42 U.S.C. § 1983, she will need to assert that the police deprived her of a federal constitutional or statutory right. See 42 U.S.C. § 1983. This court is not saying that Shavelson must cite a constitutional or statutory provision, but

3

she must allege facts at least allowing this court to discern a federal claim.

The remaining allegations in Shavelson's Complaint appear to pertain only to state law claims (including negligence) that do not themselves support federal jurisdiction, although, if the court did have federal jurisdiction, the state law claims could be considered by this court pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.

**IV.    CONCLUSION.**

Shavelson's Complaint is dismissed and the IFP Application is denied as moot.  The court grants Shavelson leave to file an Amended Complaint that cures the deficiencies noted in this order no later than April 29, 2015.  Shavelson may submit another IFP Application at that time.

Any other pending motions in this action are terminated.  Shavelson may resurrect such motions after filing an Amended Complaint that cures the deficiencies noted in this order.

Failure to file an Amended Complaint by April 29, 2015, as well as to pay the applicable filing fee or submit an IFP Application, will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 9, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Shavelson v. Kauai Police Department, et al., Civ. No. 15-00076 SOM/BMK; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS