```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

EILEEN SHAVELSON,              )   CIVIL NO. 15-00076 SOM/BMK
                               )
          Plaintiff,           )   ORDER DISMISSING AMENDED
                               )   COMPLAINT; ORDER DENYING AS
     vs.                       )   MOOT APPLICATION TO PROCEED
                               )   IN FORMA PAUPERIS
KAUAI POLICE DEPARTMENT, et    )
al.,                           )
                               )
          Defendants.          )
_____)
```

**ORDER DISMISSING AMENDED COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.      INTRODUCTION.**

On April 9, 2015, this court screened Plaintiff Eileen Shavelson's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) and determined that it failed to demonstrate jurisdiction in this court. See ECF No. 23. The Complaint was dismissed with leave to amend. See id.

On April 20, 2015, Shavelson filed an Amended Complaint, along with an Application to Proceed in District Court Without Prepaying Fees or Costs (the "IFP Application"). See ECF Nos. 24, 26. The court has screened Shavelson's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) and determined that Shavelson again fails to demonstrate that this court has jurisdiction over her claims. Accordingly, the court dismisses the Amended Complaint, rendering the IFP Application moot. The court grants Shavelson leave to file a Second Amended Complaint.

**II.   STANDARD.**

To proceed in forma pauperis, Shavelson must demonstrate that she is unable to prepay the court fees, and that her complaint sufficiently pleads claims.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

The court therefore screens a complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

**III.  ANALYSIS.**

This court's screening of Shavelson's Amended Complaint indicates that it must be dismissed.  Shavelson's allegations fail to provide a basis for this court to exercise jurisdiction.

Although Shavelson asserts that this court has diversity jurisdiction, Shavelson fails to demonstrate that the parties in this case are diverse.

Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States."  28 U.S.C. § 1332.  A natural person's state citizenship is "determined by her state of domicile, not her state of residence."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A person is domiciled "where he or she has established a fixed habitation or abode in a

particular place, and intends to remain there permanently or indefinitely." Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986) (internal quotation marks and brackets omitted).

Shavelson says that her citizenship is diverse from that of the Kauai Police Department and Nick Courson, a Deputy County Attorney, because she "has been residing in [Washington] state since June of 2013, which makes her officially a resident of the state of Washington." ECF No. 24, PageID # 50. While Shavelson may have established a fixed habitation or abode in Washington State, she has not demonstrated that she intends to remain there permanently or indefinitely, such that she would be considered a citizen of Washington State. Instead, the Amended Complaint indicates an intent to return to Hawaii. It states that "for reasons of personal safety and finances, [Shavelson] is unable to return (and has not since returned,) to the state of Hawaii until these issues at hand in court are resolved." Id. Because Shavelson has not demonstrated that this case is between citizens of different states, she has failed to establish the existence of diversity jurisdiction.

The court nevertheless has subject matter jurisdiction if Shavelson asserts a federal question. She alleges that "[o]bstruction of Justice [under 18 U.S.C. § 1505] is a federal offense of which Plaintiff is charging KPD with." ECF No. 24, PageID # 50. However, Shavelson presents no authority suggesting

3

that she has a private right of action under 18 U.S.C. § 1505, a federal criminal statute.  See Boisjoly v. Morton Thiokol, Inc., 706 F. Supp. 795, 806 (D. Utah 1988) (no private right of action under 18 U.S.C. § 1505).  That is, only federal prosecutors acting on behalf of the United States may file § 1505 charges.  Absent such a private right of action, Shavelson cannot sustain a claim against Defendants under 18 U.S.C. § 1505 and cannot use that claim as a basis for federal question jurisdiction.  If she has a civil claim arising out of an alleged obstruction of justice, it must raise a claim under some other federal law if that claim is to confer jurisdiction on this court.

When this court screened Shavelson's initial Complaint, it noted that it appeared Shavelson was trying to plead a claim of race or sex discrimination against the Kauai Police Department, but that the allegations in the Complaint did not provide enough facts to allow this court to make out a federal discrimination claim.  Shavelson's Amended Complaint continues to fail to plead a federal discrimination claim.  Instead, Shavelson now appears to be saying that she is not asserting actual discrimination by the Kauai Police Department at all.  Shavelson says that "[d]iscrimination is more of an underlying cause of the negligent actions of the [Kauai Police Department], than a direct action to which Plaintiff can prove motivated the officers in this case at this time."  ECF No. 24,

PageID # 51.  Of course, this court is not requiring Shavelson to plead a federal discrimination claim or any claim at all, but Shavelson must include at least one federal claim to demonstrate federal question jurisdiction.

The remaining allegations in Shavelson's Amended Complaint appear to pertain only to state law claims that do not themselves support federal jurisdiction, although, if the court did have federal jurisdiction, the state law claims could be considered by this court pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.  In noting this, the court is not suggesting that Shavelson has or has not properly pled state law claims.

**IV.    CONCLUSION.**

Shavelson's Amended Complaint is dismissed and the IFP Application is denied as moot.  The court grants Shavelson leave to file a Second Amended Complaint that cures the deficiencies noted in this order no later than May 18, 2015.  Shavelson may submit another IFP Application at that time.

Other pending motions in this action were previously terminated.  Shavelson may resurrect such motions after filing a complaint that cures the deficiencies noted in this order.

Failure to file a Second Amended Complaint by May 18, 2015, as well as to pay the applicable filing fee or submit an IFP Application, will result in the automatic dismissal of this

action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 22, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Shavelson v. Kauai Police Department, et al., Civ. No. 15-00076 SOM/BMK; ORDER DISMISSING AMENDED COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS