IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EILEEN SHAVELSON, | ) | CIVIL NO. 15-00076 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING SECOND |
| | ) | AMENDED COMPLAINT; ORDER |
| vs. | ) | DENYING AS MOOT APPLICATION |
| | ) | TO PROCEED IN FORMA PAUPERIS |
| KAUAI POLICE DEPARTMENT, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING SECOND AMENDED COMPLAINT; ORDER DENYING AS MOOT
APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.        INTRODUCTION.**

On April 22, 2015, this court screened Plaintiff Eileen
Shavelson's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)
and 1915A(b)(1) and determined that it failed to demonstrate
jurisdiction in this court. See ECF No. 27. The Complaint was
dismissed with leave to amend. See id.

On May 1, 2015, Shavelson filed a Second Amended
Complaint, along with an Application to Proceed in District Court
Without Prepaying Fees or Costs (the "IFP Application"). See ECF
Nos. 29, 30. The court has screened Shavelson's Second Amended
Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) and
determined that Shavelson fails to state a claim on which relief
may be granted. Accordingly, the court dismisses the Second
Amended Complaint, rendering the IFP Application moot. The court
grants Shavelson leave to file a Third Amended Complaint.

**II.      STANDARD.**

To proceed in forma pauperis, Shavelson must demonstrate that she is unable to prepay the court fees, and that her complaint sufficiently pleads claims. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000).

The court therefore screens a complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2).

**III.     ANALYSIS.**

Shavelson's Second Amended Complaint appears to cure the jurisdictional problem noted by this court in dismissing her prior complaints. Shavelson says that she is a resident of Washington state and intends to remain there, <u>see</u> ECF No. 29, PageID # 63, rendering Washington her state of citizenship. <u>See</u> <u>Lew v. Moss</u>, 797 F.2d 747, 749-50 (9th Cir. 1986) (a person is domiciled "where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely."). Shavelson's citizenship is therefore diverse from that of Defendants, who are citizens of Hawaii. Because Shavelson alleges that over $75,000 is in controversy between citizens of diverse citizenship, this court has diversity jurisdiction over Shavelson's claims against

Defendants.  See 28 U.S.C. § 1332 (diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States.").

However, even though Shavelson's Second Amended Complaint overcomes this jurisdictional hurdle, it must be dismissed because it fails to state a claim on which relief may be granted.  The Second Amended Complaint contains only a few allegations, none of which is sufficient to state a plausible claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Shavelson makes passing reference to negligence and discrimination, but does not set forth factual circumstances sufficient to permit her claims to move forward.  Shavelson may be assuming that this court will take into account allegations contained in her prior complaints, but those complaints have been dismissed.  They have no effect and may no longer be considered by this court. Shavelson must submit a complaint that operates as a freestanding, independent document, containing the allegations she believes support her claims.  She may not refer to previously dismissed complaints or rely on the information in those complaints to fill in gaps in her new complaint.

**IV.     CONCLUSION.**

Shavelson's Second Amended Complaint is dismissed, and the IFP Application is denied as moot.  The court grants Shavelson leave to file a Third Amended Complaint that cures the deficiencies noted in this order no later than June 8, 2015. Shavelson may submit another IFP Application at that time.

Any other pending motions in this action are terminated.  Shavelson may resurrect such motions after filing a complaint that cures the deficiencies noted in this order.

Failure to file a Third Amended Complaint by June 8, 2015, as well as to pay the applicable filing fee or submit an IFP Application, will result in the automatic dismissal of this action.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 13, 2015.




/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


Shavelson v. Kauai Police Department, et al., Civ. No. 15-00076 SOM/BMK; ORDER DISMISSING SECOND AMENDED COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS